IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

SAFETY SUPPLY COMPANY,
a Nevada corporation,

Plaintiff,

v.                                             Case No._____

                                               COMPLAINT FOR PATENT
                                               INFRINGEMENT
I. SPIEWAK & SONS, INC.,
a New York corporation,                        JURY TRIAL DEMANDED

Defendant.

COMES NOW the plaintiff, Safety Supply Corporation ("SSC"), and files this Complaint against defendant I. Spiewak & Sons, Inc., ("Spiewak" or "the defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. The Cause of Action is for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code. This Court has original jurisdiction over the subject matter of this cause of action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a).

2. This Court has personal jurisdiction over the defendant pursuant to Tennessee's Long Arm Statute, TENN. CODE ANN. § 20-2-114, as the defendant intentionally caused harm and injury to SSC here by virtue of its advertising on the internet, in catalogs and in trade publications (both directed to and distributed in Tennessee) of their infringing products. Upon information and belief, the defendant also

sold infringing products to customers in Tennessee.

3. Upon information and belief, venue is proper under 28 U.S.C. §§1391(c), as well as 28 U.S.C. §1400(b).

## THE PARTIES and THE FACTS

4. SSC is a corporation formed under the laws of the State of Nevada. SSC's principal place of business is located at 880 N. Hills Blvd., Suite 505, Reno, NV 89506.

5. Upon information and belief, the defendant is a New York corporation with a principal place of business located at 225 West 37th Street, New York, New York, 10018.

6. Upon information and belief, the defendant resides in this district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.  In particular, the defendant does business in this district and part of the events giving rise to the claims in this case occurred in this district.

CAUSE OF ACTION
(Patent Infringement -- 35 U.S.C. §271, et seq.)
(United States Patent No. 7735151)

7. On June 15, 2010, United States Patent No. 7,735,151 (the "151 patent"), for an invention entitled "Breakaway Vest," was duly and legally issued in the name of Phillip Young and Tamara I. Joyce.  By virtue of proper assignment, SSC has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.  A copy of the '151 patent is attached hereto as Exhibit A.

8. Carolina Safety Sport International, LLC, a safety vest manufacturer then owned by Philip Young and Tamara L. Joyce, started providing general notice of the '151 patent on June 15, 2010, by replacing the labels of all its Zip-N-Rip breakaway safety vest inventory with labels which contained the patent number.  All Zip-N-Rip breakaway safety vests sold and shipped on June 15, 2010 and thereafter included a label with the patent number.  See Affidavit of Philip Young, a copy of which is attached hereto as Exhibit B.

9. The defendant infringed the '151 patent by manufacturing, using, offering to sell, selling, and/or importing safety vests embodying one or more of the inventions claimed therein within the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '151 patent, and will continue to do so unless enjoined by this Court.

10. By reason of the defendant's acts of infringement, SSC has suffered and is suffering damages, including impairment of the value of the '151 patent, in an amount yet to be determined.

11. The defendant's acts of infringement are causing irreparable harm to SSC and will continue to cause irreparable harm unless enjoined by this Court.

12. Upon information and belief, the defendant's acts have been committed willfully and with knowledge of SSC's patent rights and have resulted, and may be resulting in substantial unjust profits and unjust enrichment on the part of the defendant in an amount yet to be determined.

13. Pursuant to 35 U.S.C. § 284, SSC is entitled to recover damages from the defendant for all infringing vests sold after June 15, 2010.

## **PRAYER FOR RELIEF**

WHEREFORE, SSC respectfully demands judgment:

1. That the defendant, its officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with it be enjoined preliminarily and permanently:

   (a) from infringing the '151 patent, either directly or contributorily; and

   (b) from inducing others to infringe the '151 patent.

2. That the defendant be required to deliver up to the Court any and all safety vests in its possession, custody, and/or control that infringes the '151 patent.

3. That the defendant be required to prepare and deliver to the Court a complete list of entities from whom the defendant purchased, or to whom the defendant sold or distributed, safety vests that infringe the '151 patent, and to serve a copy of such list on SSC's attorneys.

4. That the defendant be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any safety vests that infringe the '151 patent.

5. That the defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon SSC's attorneys a written report, under oath, setting forth in detail the manner in which the defendant has complied with paragraphs 1-4, above.

6. That the defendant be required to account for and pay over to SSC cumulative damages sustained by SSC by reason of the defendant's unlawful acts of patent infringement herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to SSC under 35 U.S.C. § 284.

7. That the present case be found exceptional and that attorneys' fees be awarded to SSC under 35 U.S.C. § 285.

8. That SSC be awarded its reasonable costs and attorneys' fees.

9. That SSC have such other and further relief as the Court may deem equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated the 7th day of April, 2015.

Respectfully Submitted:

By:  s/ Paul Billings_____
Paul B. Billings, Jr. (010906)
Paul Billings Law
5305 Distriplex Farms Drive
Memphis, TN 38141-8231
(901) 881-9515 phone
(866) 772-4244 fax
paul@paulbillingslaw.com
Attorney for Plaintiff